# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ARDAGH METAL PACKAGING USA CORP., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 22- cv-7367 |
| v. | ) ) | Judge Franklin U. Valderrama |
| AMERICAN CRAFT BREWERY LLC, | ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| Defendant. | ) ) | |

## AMENDED AGREED CONFIDENTIALITY ORDER

The parties to this Amended Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, and Highly Confidential – Outside Counsel's Eyes-Only Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party, including a party who is not a

plaintiff or defendant in this litigation from whom information is sought, that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Highly Confidential – Attorney's Eyes-Only Information**. As used in this Order, "Highly Confidential – Attorney's Eyes-Only Information" means information designed as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that is of such a private, sensitive, competitive, or proprietary nature that disclosure to persons other than those identified in subparagraph 7(c) below reasonably would be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party.

4. **Highly Confidential – Outside Counsel's Eyes-Only Information.**

As used in this Order, "Highly Confidential – Outside Counsel's Eyes-Only Information" means information designated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-OUTSIDE COUNSEL'S EYES ONLY" by the producing party that is of such a private, sensitive, competitive, or proprietary nature that disclosure to persons other than those identified in subparagraph 7(d) below reasonably would be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party.

    5.    **Designation**.

    (a)    A party may designate a document or information as Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-OUTSIDE COUNSEL'S EYES ONLY" on the document in accordance with its designation and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-OUTSIDE COUNSEL'S

EYES ONLY" shall be applied prior to or at the time the documents or information are produced or disclosed, and no documents or information produced before May 22, 2024 (i.e., before the close of fact discovery) may be re-produced and designated or re-designated as Highly Confidential – Outside Counsel's Eyes-Only Information and specifically, except for certain documents to be reproduced and re-designated as such by Ardagh in response to redaction challenges asserted by ACB by e-mail on May 19, 2024, or as otherwise agreed by the Parties or Ordered by the Court. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-OUTSIDE COUNSEL'S EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-OUTSIDE COUNSEL'S EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information, Highly Confidential – Attorney's Eyes-Only, or Highly Confidential – Outside Counsel's Eyes-Only Information are not required to be marked.

4

(b)     The designation of a document or information as Confidential Information, Highly Confidential – Attorney's Eyes-Only, or Highly Confidential – Outside Counsel's Eyes-Only Information is a certification by an attorney that the document or information contains Confidential Information, Highly Confidential – Attorney's Eyes-Only, or Highly Confidential – Outside Counsel's Eyes-Only Information as defined in this Order.

6.      **Depositions**. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information, Highly Confidential – Attorneys Eyes Information, or Highly Confidential – Outside Counsel's Eyes-Only Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, Highly Confidential – Attorneys Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, Highly Confidential – Attorneys Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information, unless otherwise

5

ordered by the Court.

7.     **Protection of Confidential Material, Highly Confidential – Attorney's Eyes-Only Information, and Highly Confidential – Outside Counsel's Eyes-Only Information**.

(a)     **General Protections**.  Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, and Highly Confidential – Outside Counsel's Eyes-Only Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     **Limited Third-Party Disclosures of Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) below:

(1)     Counsel.  In-house and  Outside counsel for the parties and employees of counsel who have responsibility for the action;

(2)     Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is materially necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court  and its  personnel;

(4)     Court  Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process

6

electronically stored documents;

(6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary may be shown Confidential Information designated by any person. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall be returned to counsel for the designating party upon completion of review. During their depositions, witnesses in this action to whom disclosure is reasonably necessary may be shown Highly Confidential – Attorneys Eyes Information designated as such information by another party only with prior notice and the opportunity to object to such disclosure having been given to the designating party. Unresolved objections to disclosure shall be referred to the Court. Witnesses shall not retain a copy of documents containing Highly Confidential – Attorneys Eyes Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall be returned to counsel for the designating party upon completion of review. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential – Attorneys Eyes Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

7

(9)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Limited Third-Party Disclosures of Highly Confidential – Attorney's Eyes-Only Information**. The receiving party and counsel for the receiving party shall not disclose or permit the disclosure of any Highly Confidential – Attorney's Eyes-Only Information to any third person or entity except to those identified above in subparagraphs (b)(1), (b)(3)-(5), (b)(6) subject to the limitation directly below, (b)(7) but only for witnesses currently or formerly employed by the party that produced the designated document in discovery or an expert that received the document or information, and (b)(8)-(9). The receiving party and counsel for the receiving party also may disclose or permit the disclosure of any material designated as Highly Confidential – Attorney's Eyes-Only Information to an outside Expert or Consultant in subparagraph (b)(6) above who has been retained to render an opinion on matters to which the material is relevant and necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Persons to whom the producing party's Highly Confidential – Attorney's Eyes-Only Information are to be disclosed will be identified to the producing party.

(d)     **Limited Disclosure of Highly Confidential – Outside Counsel's Eyes-Only Information**. The receiving party and counsel for the receiving party shall not disclose or permit the disclosure of any Highly Confidential

– Outside Counsel's Eyes-Only Information to any third person or entity other than outside counsel for the receiving party and those identified above in subparagraphs (b)(3)-(5) and (b)(9). The counsel for the receiving party also may disclose or permit the disclosure of any material designated as Highly Confidential – Outside Counsel's Eyes-Only Information to an outside Expert or Consultant in subparagraph (b)(6) above who has been retained to render an opinion on matters to which the material is relevant and necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and counsel for the producing party has been notified and give the opportunity to object. All persons to whom the producing party's Highly Confidential – Outside Counsel's Eyes-Only Information are to be disclosed will be identified to the producing party. For the avoidance of doubt, Highly Confidential – Outside Counsel's Eyes-Only Information shall not be disclosed to the receiving party or in-house counsel for the receiving party.

   (e) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8.      **Inadvertent Failure to Designate**. An inadvertent failure to designate a document or information as Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information does not, standing alone, waive the right to so designate the document or information; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony already based upon such undesignated documents or information.  If a party designates a document or information as Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document or information is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information.

9.      **Filing of Confidential Information, Highly Confidential –
Attorney's Eyes-Only Information, or Highly Confidential – Outside
Counsel's Eyes-Only Information.** This Order does not, by itself, authorize the
filing of any document under seal.  Any party wishing to file a document designated
as Confidential Information, Highly Confidential–Attorney's Eyes-Only
Information, or Highly Confidential – Outside Counsel's Eyes-Only Information in
connection with a motion, brief or other submission to the Court must comply with
LR 26.2.

10.      **No Greater Protection of Specific Documents**.  Except on privilege
grounds not addressed by this Order, no party may withhold information from
discovery on the ground that it requires protection greater than that afforded by this
Order unless the party moves for an order providing such special protection.

11.      **Challenges by a Party to Designation**. The designation of any
document or information as Confidential Information, Highly Confidential –
Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-
Only Information is subject to challenge by any party. The following procedure shall
apply to any such challenge.

(a)      **Meet and Confer**. A party challenging the designation of
Confidential Information, Highly Confidential – Attorney's Eyes-Only Information,
or Highly Confidential – Outside Counsel's Eyes-Only Information must do so in good
faith and must begin the process by conferring directly with counsel for the

11

designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information under the terms of this Order.

12. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders

12

concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Information, Highly Confidential – Attorney's Eyes-Only Information at Trial, or Highly Confidential – Outside Counsel's Eyes-Only Information.** Nothing in this Order shall be construed to prohibit the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information at a hearing or trial shall bring that issue to the Court's and opposing party's attention by motion or in a pretrial memorandum without disclosing the Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information Subpoenaed or Ordered  Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information, the receiving party must so notify the designating party, in writing, immediately and

in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information by the other party to this case.

14

15.    **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.    **Obligations on Conclusion of Litigation**.

(a)    **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-OUTSIDE COUNSEL'S EYES ONLY" under this Order, including copies as defined in paragraph 5(a), shall be returned to the producing party unless: (1) the document has been entered into evidence without restriction as to disclosure or filed with the court without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)    **Retention of Work Product and One Set of Filed**

15

**Documents**. Notwithstanding the above requirements to return or destroy documents, outside counsel for each party may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information shall continue to be protected under this Order. All such documents shall be destroyed by counsel for the receiving party not later than five (5) years after the termination of the lawsuit—to include any appeals or subsequent proceedings in the District Court.

(d)     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

17.     **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information, Highly Confidential – Attorney's Eyes-Only Information, or Highly Confidential – Outside Counsel's Eyes-Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 6/17/2024

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARDAGH METAL PACKAGING USA CORP., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 21- cv-7367 |
| v. | ) ) | Judge Franklin U. Valderrama |
| AMERICAN CRAFT BREWERY LLC, | ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| Defendant. | ) ) | |

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ _____

Signature

2