IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARDAGH METAL PACKAGING USA CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN CRAFT BREWERY LLC, <br><br> Defendant. | Case No. 1:22-cv-07367 (JCD) (JA) |

**DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH NEW EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL (DKT. 242) AND MOTION TO SEAL DEFENDANT'S NOTICE OF SUPPLEMENTAL EVIDENCE**

Defendant American Craft Brewery LLC ("ACB") respectfully moves the Court for leave to supplement its pending Motion to Compel (Dkt. 242) with an excerpt of Plaintiff Ardagh Metal Packaging USA Corp. ("Ardagh")'s damages expert Andrew D. Richmond's report, along with a two-page memorandum explaining its relevance to the Motion to Compel (together, the Notice of Supplemental Evidence).

On December 10, 2024, ACB filed its Motion to Compel. (Dkt. 242). As part of that Motion, ACB sought to compel Ardagh to produce (1) documents sufficient to show, by month and facility, Ardagh's actual manufacturing capacity, and Ardagh's forecasted and/or planned use of each of its manufacturing lines; and (2) its yearly earnings, operating, or profit and loss statements for each of Ardagh's plants. (*See* Dkt. 242, at 4-5, 11-12). Ardagh has taken the position that no further responsive documents exist and that Ardagh does not track its finances by facility. (Dkt. 249, at 4-6, 12-13). The Motion to Compel remains pending.

Upon ACB's review of Mr. Richmond's report (served the evening of January 17, 2025),

1

ACB identified several paragraphs and schedules that support Defendant's position on its Motion to Compel. (Dkt. 242, at 11-12). In other words, certain portions of Mr. Richmond's expert report show that Ardagh has the ability to track the costs of performance of its production facilities and thus, it can obtain the historical factual information necessary to provide to ACB Ardagh's profits and losses by plant (contrary to Ardagh's arguments in its opposition to the Motion to Compel). ACB seeks to present these excerpts from Mr. Richmond's expert report and a brief explanation to the Court in the Notice of Supplemental Evidence. ACB has already prepared these materials.

Where, as here, the evidence sought to be introduced is new and will assist the court in evaluating the parties' positions on the pending motion, courts generally allow supplementation. *See e.g., Thakkar v. Station Operators Inc.*, 697 F. Supp. 2d 908, 923 (N.D. Ill. 2010) (granting plaintiffs' motion to supplement the record to file an affidavit and to amend their Rule 56.1(b)(3)(C) statements of fact based on newly discovered evidence); *PepsiCo, Inc. v. Redmond*, No. 94 C 6838, 1996 WL 3965, at *33 (N.D. Ill. Jan. 2, 1996) (granting defendants' motion to supplement the record based on newly discovered evidence); *Treece v. City of Naperville*, No. 94 C 5548, 1998 WL 381703, at *5 (N.D. Ill. June 30, 1998) (granting motion to supplement the record of a summary judgment motion with newly discovered evidence). Identifying these portions of Mr. Richmond's report will aid the Court in deciding the Motion to Compel.

ACB met and conferred with Ardagh's counsel regarding the filing of this Motion for Leave to Supplement and Notice of Supplemental Evidence on January 28, 2025. Ben Shook and Chris Tomlinson appeared for Ardagh, and John Ruskusky and Kathleen Mallon appeared for ACB. The parties were unable to resolve the issues raised in this Motion for Leave to Supplement.

Relatedly, should the Court grant this Motion for Leave to Supplement, and allow filing of the Notice of Supplemental Evidence, pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 26.2,

4908-6575-7204.1

Defendant seeks leave to file a redacted version of the Notice to remove references to documents or information that has been marked confidential or highly confidential related to Ardagh's business, and to file an unredacted version of the Notice under seal. ACB also seeks leave to file the excerpt of Dr. Richmond's expert report under seal. Good cause for sealing exists for these documents because the proposed redactions and sealings are limited to commercially sensitive information relating to Ardagh's finances and capital investments. Ardagh has consented to sealing of this information, should this Court grant this Motion.

WHEREFORE, for the foregoing reasons, ACB requests that the Court (1) grant ACB leave to file the Notice of Supplemental Evidence, (2) grant ACB leave to file a redacted version of the Notice of Supplemental Evidence, and to file the excerpt of Dr. Richmond's expert report under seal, and (3) for any further or additional relief the Court deems appropriate.

Dated: January 29, 2025 

Respectfully submitted,

*/s/ John T. Ruskusky*

One of the Attorneys for *American Craft Brewery LLC*

John T. Ruskusky (IL ARDC #6256605)
jtruskusky@nixonpeabody.com
David M. Pattee (IL ARDC #6317265)
dmpattee@nixonpeabody.com
Kathleen M. Mallon (IL ARDC #6336312)
kmallon@nixonpeabody.com
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602-4378
Telephone: (312) 977-4400

Stephen M. LaRose (*admitted pro hac vice*)
(MA BBO #654507)
slarose@nixonpeabody.com
NIXON PEABODY LLP
Exchange Place, 53 State Street

4908-6575-7204.1

Boston, MA 02109-2835
Telephone: (617) 345-1300

4

4908-6575-7204.1

**CERTIFICATE OF SERVICE**

On January 29, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically.

*/s/ John T. Ruskusky*
John T. Ruskusky

4908-6575-7204.1