IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARDAGH METAL PACKAGING USA CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN CRAFT BREWERY LLC, <br><br> Defendant. | Case No. 1:22-cv-07367 (JCD) (JA) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S NEW EVIDENCE [ECF NO. 276] AND TO FILE MOTION TO COMPEL DISCOVERY**

Plaintiff Ardagh Metal Packaging USA Corp. ("Ardagh") respectfully moves this Court for leave to:

(1) file a 2-page response to Defendant American Craft Brewery LLC's ("ACB") submission of new evidence [ECF No. 276] in support of its pending motion to compel [ECF No. 242]; and

(2) file a motion to compel:

> (a) the depositions of ACB employees who were either disclosed as persons with relevant knowledge the night before the close of fact discovery, or were never disclosed as witnesses with relevant knowledge but upon whom ACB's expert relies on to form the basis of his opinions in this matter;
>
> (b) reports showing all setting changes made to ACB's lines over the relevant period; and
>
> (c) documents related to ACB's trials and testing of cans supplied by Ardagh or Ball.

Each of these requests is discussed in more detail below.[1] The parties continue to be unable to resolve the discovery disputes and therefore Ardagh seeks leave to brief the issues to the Court.

**(1) Response to New Evidence:** ACB sought leave to, and was granted leave to, submit what it claims to be new evidence in support of its pending motion to compel. Ardagh has not had an opportunity to respond to the newly-submitted evidence and believes a brief response is necessary to explain the import and meaning of ACB's submitted evidence and Ardagh's position regarding it. Ardagh seeks leave to submit a response addressing only the new evidence submitted by ACB, not to exceed two pages in length. ACB does not oppose Ardagh filing a response.

**(2)(a) Depositions of ACB Employees:** Ardagh seeks to depose ACB employees Kevin Grady, Phil Hodges, Scott Thornton and Zeb Robbins. Messrs. Grady and Hodges were identified by ACB as persons likely to have discoverable information that ACB may use to support its claims or defenses *the day before the close of fact discovery*. Yet, ACB has refused to make either Mr. Grady or Mr. Hodges available for a deposition or alternatively confirm that neither will be called as a witness at trial. These depositions are necessary so that Ardagh can assess these witnesses' knowledge related to the claims and defenses in this litigation before trial. For Messrs. Thornton and Robbins, neither employee was identified in ACB's initial disclosures or supplemental initial disclosures, nor was either identified in ACB's numerous discovery responses as having relevant knowledge. Notwithstanding that fact, ACB's expert, Scott C. Biondich, identified these two individuals as persons with whom he spoke and upon whom he relies to support his opinions in this matter. After receiving Mr. Biondich's report, Ardagh properly noticed the depositions of Messrs. Thornton and Robbins on February 11. ACB informed Ardagh more than two weeks later

---

[1] Ardagh identified most of these discovery issues for the Court in the parties' joint status report on January 21, 2025 (ECF No. 271). Since the parties continue to be unable to resolve these discovery disputes, Ardagh seeks leave to brief them before the Court.

that ACB is refusing to make either witness available for a deposition. In order to effectively depose ACB's expert and test his opinions, as well as properly prepare upcoming rebuttal expert reports (which are due on March 21), Ardagh should be given an opportunity to depose these previously undisclosed witnesses.

**(2)(b) Equipment Setting Changes:** This Court previously granted (ECF No. 237) Ardagh's request that ACB supplement its response to Ardagh's Interrogatory No. 13, which asks about changes made to ACB's machinery or production-line settings from 2019 to the present. To date, however, ACB has refused to produce reports showing *all* setting changes made to ACB's lines over the relevant period. As Ardagh previously explained, and this Court agreed, the requested discovery is relevant to Ardagh's defenses to ACB's counterclaims, including to establish that ACB's own handling of filling and packaging lines and equipment—and ACB's failure to notify Ardagh regarding those changes and to properly set up and maintain the lines and equipment—were the cause of the alleged issues that ACB experienced, not Ardagh's cans.

**2(c) Trials / Testing:** ACB continues to refuse to state whether all documents relating to ACB's qualification and trialing of Ardagh's cans have been produced, and recent correspondence from ACB's counsel confirms that there are additional documents responsive to Ardagh's discovery requests that have not yet been produced. In response to Ardagh's request that ACB supplement its discovery responses related to these requests (as required under the Federal Rules), ACB's counsel stated that to the extent any additional qualifications of Ardagh cans have been conducted recently, documents related to those qualifications will not be produced. ACB contends that these documents are not relevant to the damages it seeks for its counterclaims, but that position is inconsistent with the broad definition of relevance under the Federal Rules. ACB's principal defense against Ardagh's claims based on ACB's continuing failure to purchase the Annual

Minimum Volumes is that there remain alleged quality issues with Ardagh's cans. Any recent trialing and testing of Ardagh's cans—as well as cans supplied by Ball—are relevant to Ardagh's defense against this assertion. ACB cannot withhold the requested discovery simply because ACB does not intend to rely upon it.

The parties have conferred regarding this motion, including a telephone conference between Drew Newman on behalf of Ardagh and David Pattee on behalf of ACB on March 4, 2025, at 2:30 p.m. The parties were unable to resolve the discovery issues for which Ardagh seeks leave to move to compel. ACB, however, does not oppose Ardagh filing a two-page response to ACB's new evidence (ECF No. 276).

WHEREFORE, Ardagh respectfully requests leave to file a two-page response to ACB's new evidence and a motion to compel discovery.

Respectfully submitted this the 6th day of March, 2024

**Ardagh Metal Packaging USA Corp.**
**f/k/a Ardagh Metal Beverage USA Inc.,**

/s/ *Adam J. Glazer*
Adam J. Glazer
Richard M. Goldwasser
**SCHOENBERG FINKEL BEEDERMAN BELL GLAZER, LLC**
300 South Wacker Drive, #1500
Chicago, Illinois 60606
Telephone: (312) 648-2300
Facsimile: (312) 648-1212
Adam.Glazer@sfbbg.com
Richard.Goldwasser@sfbbg.com

James P. McLoughlin, Jr.
(admitted *pro hac vice*)
Christopher D. Tomlinson
(admitted *pro hac vice*)
Benjamin E. Shook
(admitted *pro hac vice*)
Elena F. Mitchell
(admitted *pro hac vice*)
Drew P. Newman
(admitted *pro hac vice*)
**MOORE & VAN ALLEN PLLC**
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
jimmcloughlin@mvalaw.com
christomlinson@mvalaw.com
benshook@mvalaw.com
elenamitchell@mvalaw.com
drewnewman@mvalaw.com