**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARDAGH METAL PACKAGING USA CORP., | |
| Plaintiff, | Case No. 1:22-cv-07367 (JCD) (JA) |
| v. | |
| AMERICAN CRAFT BREWERY LLC, | |
| Defendant. | |

**JOINT STATUS REPORT**

In accordance with the Court's June 10, 2025, Minute Entry directing the parties to identify the issues for trial, the anticipated length of trial, and the parties' availability for trial in January or June of 2026 (ECF No. 356), the parties jointly submit this joint status report:

1.     The parties anticipate that the trial of this action (including jury selection) will require approximately seven to nine business days.

2.     This action was filed December 31, 2022.  Ardagh will make itself available for trial at any time during January 2026. ACB states it is unavailable for trial January 5, 2026, through January 16, 2026, due to witness and counsel unavailability. Ardagh's position is that if the Court's only availability for trial in January 2026 is prior to January 16, 2026, then ACB should reasonably adjust witness and counsel schedules to proceed with trial during that time. ACB has noted that it is not possible or reasonable for such adjustments for the first half of January because of prior conflicts for two important witnesses: (1) ACB's former Chief Financial Officer Frank Smalla (who resides in Boston) has board and other obligations with his current employer from January 12-20 and 26-30; and (2) medical matters for Eric Black (who resides in New York) during the

first two weeks in January 2026[1]; and two conflicts with counsel's schedule: (3) Mr. Pattee (ACB's quality case lead who will be on parental leave for the first two weeks of January) and Mr. Ruskusky (lead counsel who is unavailable due to family matter from January 2-10). For the last two weeks of January, in addition to Mr. Smalla's prior conflicts, ACB states its damages expert witness (Mr. Thomas) is scheduled to testify in another trial in California during the week of January 26, 2026 (with the prior week on hold depending on that trial's length) and thus Mr. Thomas is unavailable during the weeks of January 19 or January 26, 2026. If the first week in February 2026 is available to the Court, ACB is available to start trial the week of January 26, 2026 and call the unavailable witnesses during the first week in February 2026. Ardagh is also available for trial the first week in February 2026. Ardagh's position regarding the week of January 19, 2026, is that trial should not be postponed six months because of the potential or partial unavailability of one fact witness and one expert, and that any scheduling conflicts that arise for those two witnesses in the last two weeks of January can be accommodated by the parties.

3.      The parties are also available for trial in June 2026. ACB has one conflict during the week of June 1, 2026 and requests that the trial start either the week of June 8, 2026 or June 15, 2026 in that instance.

4.      Given this case has been pending since December 31, 2022, Ardagh respectfully requests that the Court prioritize scheduling this matter for trial in January 2026. ACB respectfully requests that the Court set the trial when its lead counsel and its witnesses are available (starting either the week of January 26, 2026, June 8, 2026 or June 15, 2026). It is ACB's position that the

---

[1] Should the Court have any questions, counsel will share additional detail with the Court in a non-public email.

parties continue to do business together and there is no exigency for requiring ACB to proceed with these conflicts for its lead counsel or important witnesses.

5. Each party has moved for partial summary judgment:

    a. Ardagh seeks partial summary judgment as follows:

        i. Under the Amended Agreement, ACB must purchase the Annual Minimum Volumes for each calendar year in that year, and if ACB fails to do so, ACB must cure the shortfall in the following calendar year. (ECF No. 287.)

        ii. ACB breached the Amended Agreement when it failed to purchase the Annual Minimum Volumes in 2021 and failed to cure the breach in 2022. The amount of damages due for that breach is an issue for trial. (*Id.*)

        iii. ACB's affirmative defenses for these claims of mutual mistake, estoppel, waiver, acquiescence and consent, impossibility, impracticability, course of performance, and non-conformance to industry practice are meritless. (*Id.*)

    b. Ardagh's summary judgment motion is fully briefed and ripe for the Court's ruling.

    c. ACB seeks partial summary judgment as follows:

        i. ACB has terminated the Amended Agreement for 2026. (ECF No. 340.)[2]

        ii. Ardagh's breach of contract claim related to ACB's purchase of 12 oz. standard cans in 2021-2022 should be dismissed because ACB mitigated any claimed damages with its 2023 purchases. (*Id.*)[3]

        iii. Ardagh breached the Amended Agreement by failing to give ACB tiered pricing discounts in 2022 and Ardagh's affirmative defenses relating to this claim (prior material breach of contract, duty of good faith and fair dealing, estoppel, and waiver) are meritless. (*Id.*)

---

[2] It is ACB's position that this aspect of ACB's Motion overlaps in part with item (i) in Ardagh's Motion. Ardagh disagrees.

[3] It is ACB's position that this aspect of ACB's Motion overlaps in part with item (ii) in Ardagh's Motion. ACB also plans to file a Motion to Preclude these damages claims by Ardagh. Ardagh disagrees and will oppose any such motion.

      d.     ACB's summary judgment motion will be ripe for the Court's ruling on August 4, 2025.

      e.     ACB proposes that the two partial summary judgment motions be decided together because of the overlap with certain summary judgment arguments.

6.     Depending on the Court's decision on each party's partial summary judgment motions, the issues for trial are as follows:

      a.     Ardagh's breach of contract claim seeking damages, or in the alternative, specific performance, for ACB's failure to meet its Annual Minimum Volume purchase obligations of certain aluminum beverage cans and ends for years 2021-2025. (ECF No. 1.)

      b.     ACB's declaratory judgment counterclaim requesting the Court declare that Section 20.9 of the Amended Agreement bars recovery by Ardagh for lost profits. (*Id.*)

      c.     Ardagh's declaratory judgment claim requesting the Court declare that ACB breached the Amended Agreement and that ACB is required to purchase the Annual Minimum Volumes of certain aluminum beverage cans and ends in 2026. (*Id.*)

      d.     ACB's breach of contract counterclaim alleging that Ardagh failed to provide ACB with tiered pricing in 2022 and seeking damages related to such counterclaim. (ECF No. 107.)

      e.     ACB's breach of contract counterclaims alleging that Ardagh provided ACB with cans suffering from material defects based upon Ardagh's use of certain varnish and wax lubricant and seeking damages related to such counterclaims. (*Id.*)

f. ACB's breach of the duty of good faith and fair dealing counterclaims alleging that Ardagh used unsuitable varnish and wax lubricant, including the damages and relief sought. (*Id.*)

g. All affirmative defenses pled in ACB's Amended Answer, Affirmative Defenses, and Counterclaims to Ardagh's Complaint. (ECF No. 107.)

h. All affirmative defenses pled in Ardagh's Amended Answer and Affirmative Defenses to ACB's Amended Counterclaims. (ECF No. 140.)

Respectfully submitted this 17th day of June, 2025.

**Ardagh Metal Packaging USA Corp.**
**f/k/a Ardagh Metal Beverage USA Inc.,**

/s/Christopher D. Tomlinson

| | |
|---|---|
| Adam J. Glazer | James P. McLoughlin, Jr. |
| Richard M. Goldwasser | (admitted *pro hac vice*) |
| **SCHOENBERG FINKEL BEEDERMAN BELL** | Christopher D. Tomlinson |
| **GLAZER, LLC** | (admitted *pro hac vice*) |
| 300 South Wacker Drive, #1500 | Benjamin E. Shook |
| Chicago, Illinois 60606 | (admitted *pro hac vice*) |
| Telephone: (312) 648-2300 | Elena F. Mitchell |
| Facsimile: (312) 648-1212 | (admitted *pro hac vice*) |
| Adam.Glazer@sfbbg.com | Drew P. Newman |
| Richard.Goldwasser@sfbbg.com | (admitted *pro hac vice*) |
| | **MOORE & VAN ALLEN PLLC** |
| | 100 North Tryon Street, Suite 4700 |
| | Charlotte, North Carolina 28202-4003 |
| | Telephone: (704) 331-1000 |
| | Facsimile: (704) 331-1159 |
| | jimmcloughlin@mvalaw.com |
| | christomlinson@mvalaw.com |
| | benshook@mvalaw.com |
| | elenamitchell@mvalaw.com |
| | drewnewman@mvalaw.com |

**American Craft Brewery, LLC,**

/s/Stephen M. LaRose
John T. Ruskusky (IL ARDC #6256605)
jtruskusky@nixonpeabody.com
Kathleen M. Mallon (IL ARDC #6336312)
kmallon@nixpeabody.com
David M. Pattee (IL ARDC #6317265)
dmpattee@nixonpeabody.com
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, Illinois 60602
Telephone: (312) 977-4440

Stephen M. LaRose (*pro hac vice admission*) (MA ARDC #654507) (lead trial attorney)
slarose@nixonpeabody.com
NIXON PEABODY LLP
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Telephone: (617) 345-1000