**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARDAGH METAL PACKAGING USA CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN CRAFT BREWERY LLC,<br><br>    Defendant. | Case No. 1:22-cv-07367 (JCD) (JA) |

**<u>DEFENDANT AMERICAN CRAFT BREWERY LLC'S
MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

Defendant American Craft Brewery LLC ("ACB"), pursuant to Rule 50(a)(2) of the Federal Rules of Civil Procedure, submits this motion for judgment as a matter of law on Counts I and II of Plaintiff Ardagh Metal Packaging USA Corp.'s ("Ardagh") complaint and Counts I and VI of ACB's counterclaims. Ardagh has failed to prove its claims related to can bodies or can ends under the Amended Agreement, and ACB has proven its counterclaim regarding Ardagh's breach of the Amended Agreement's tiered pricing arrangement for contract year 2022, as well as its counterclaim for a declaratory judgment related to the Amended Agreement's bar of all lost profits. As a result, ACB respectfully requests the Court grant it judgment as a matter of law on these claims and counterclaims.

## LEGAL STANDARD

Rule 50(a) of the Federal Rules of Civil Procedure provides that motions for judgment as a matter of law "may be made at any time before submission of the case to the jury. Such motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to judgment." Fed. R. Civ. P. 50(a)(2). Rule 50 motions allow "a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if 'a reasonable jury would not have had a legally sufficient evidentiary basis to find for the party on that issue.'" *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012) (citation omitted).

## ARGUMENT

**I. No Reasonable Jury Can Find for Ardagh on ACB's Breach of Contract Counterclaim Related to Tiered Pricing (Counterclaim Count I).**

*A. No Reasonable Jury Can Find that ACB Agreed to Eliminate the Tiered Pricing Discounts in 2022.*

As this Court recognized in its summary judgment ruling (Dkt. 511 at 8), Ardagh did not provide ACB with the tiered pricing discounts from August 2022 to December 2022. Trial Tr. (Mar. 25) at 501:18-20. It is undisputed that ACB was entitled to that discount, as it hit the three volume thresholds in 2022 that

it was required to hit under Section 4.4 and Exhibit C1 of the Amended Agreement for the 2022 tiered pricing discount to apply. As such, Ardagh breached its obligations under the Amended Agreement by failing to provide ACB with tiered pricing discounts for Sleek cans from August 2022 to December 2022 after ACB met each volume threshold. The only issue that survived summary judgment as to this counterclaim concerned Ardagh's argument that this overpayment in 2022 was meant to offset ACB's 2021 volume shortage. Dkt. 511 at 8. However, the evidence at trial establishes that the parties never agreed upon any such offset, and the Amended Agreement was never modified to include such an offset.

As its defense and affirmative defenses to this counterclaim, Ardagh has asserted there was an enforceable modification of the Amended Agreement in which ACB agreed to eliminate the tiered pricing discounts for 2022. The trial evidence demonstrates that Ardagh is simply wrong. The crux of the matter comes down to a single three-page email chain between the principal negotiators at Ardagh and ACB, Robert Sladewski and Eric Black, who were exploring a potential way to address Annual Minimum Volume ("AMV") shortfalls in 2021. Trial Tr. (Mar. 24) at 334:13-18. Ardagh hangs its hat on one, out-of-context sentence in that email chain from December 1, 2021, in which Mr. Black says: "What I would recommend is moving forward with an elimination of tier reductions up to 500M through the contract." PX 169; DX 698. The trial evidence establishes that this December 1, 2021 email never became a binding modification to the Amended Agreement, and has no legal force. No reasonable jury can conclude otherwise.

*First*, on December 29, 2021, after the time in which Ardagh alleges that ACB agreed to eliminate the tiered pricing discounts for 2022, Mr. Sladewski sent Mr. Black a slide deck with the proposed terms for a Second Amendment to the Amended Agreement, which included a slide on the proposed elimination of the tiered pricing reductions. DX 707; Trial Tr. (Mar. 30) at 1315:17-1316:12. The inclusion of the elimination of tiered pricing reductions as a *proposed* term demonstrates that no agreement had been reached as of December 29, 2021, and certainly not as of December 1, 2021.

*Second*, Ardagh sent a draft proposed Second Amendment ("Ardagh Draft 2.03.2022") to ACB in February 2022, which again included a new Exhibit C2 for Tiered Pricing and reflected elimination of the tier discounts as part of the Second Amendment's terms, stating that: "We had been working on this with

2

Eric [Black] prior to his absence and would be great to make some progress." DX 719. Mr. Black also confirmed that Ardagh circulated a proposed Second Amendment in line with its proposal. Trial Tr. (Mar. 30) at 1315:17-1316:20. This evidence shows that no agreement to eliminate the tiered pricing for 2022 had been reached as of February 2022.

*Third*, Mr. Sladewski expressly admitted that there never a formal, signed amendment modifying the tiered pricing, only emails back and forth about it (such as the December 1, 2021 email and the February 2022 draft). Trial Tr. (Mar. 24) at 334:16-25; Trial Tr. (Mar. 25) at 501:18-25. Specifically, Mr. Sladewski testified that the parties discussed reducing the pricing tiers on 12 oz. Sleek and 24 oz. standard cans, but that such a discount was not contingent on lowering the AMVs, and thus ACB objected. Trial Tr. (Mar. 24) at 334:22-337:15. Mr. Sladewski confirmed that Ardagh restored the tiered pricing in 2022 because the Second Amendment was never signed due to ACB's objections. *Id*. Mr. Black also confirmed that the Second Amendment was never signed, and that he later learned that Ardagh had nonetheless stopped applying tiered pricing in 2022. Trial Tr. (Mar. 30) at 1315:17-1316:20. Virginia Gonzalez similarly confirmed that the Second Amendment was never agreed upon or signed. Trial Tr. (Apr. 1) at 1864:24-1865:11.

*Fourth*, when ACB discovered that Ardagh had eliminated the discounts (within weeks of Ardagh providing it with incorrect pricing), it promptly raised the issue with Ardagh and demanded that the discounts be applied. *Id*. at 1865:5-1866:1. ACB clearly expected that it would receive the tiered pricing discount in 2022, demonstrating that no modification occurred. *Id*. at 1866:11-20.

Lastly, even if the parties' preliminary negotiations constituted an actual agreed modification (they did not), the Amended Agreement has a no-oral modification clause, rendering any oral modification invalid. *See* JX-007 § 24; *Indus. Window Corp. v. Fed. Ins. Co.*, 609 F. Supp. 2d 329, 339 (S.D.N.Y. 2009) ("Under New York law, however, where a contract requires any amendments to be evidenced by a writing signed by the parties, oral modifications to the contract are prohibited"); *SAA–A, Inc. v. Morgan Stanley Dean Witter & Co.*, 281 A.D.2d 201, 203 (1st Dep't 2001) (oral modifications not permitted where contract stated that it "cannot be changed unless mutually agreed upon in writing by both parties," and where "the

3

alleged modification obligate[d] plaintiff to do no more than it was already required to do under the terms of the written agreement"); *Rose v. Spa Realty Assoc.*, 42 N.Y.2d 338, 343 (1977) ("if the only proof of an alleged agreement to deviate from a written contract is the oral exchanges between the parties, the writing controls").

B. *ACB Was Damaged by Its Overpayment in 2022.*

No reasonable jury could find that ACB was not damaged by Ardagh's breach of its tiered pricing obligations, such that ACB is entitled to judgment as a matter of law on this counterclaim. Ms. Gonzalez clearly testified that Ardagh was damaged in the amount of approximately $1.2 million as a result of Ardagh's failure to honor the tiered pricing discounts (i.e., the discount ACB was supposed to have received for 2022). *See* Trial Tr. (Apr. 1) at 1866:2-10. In fact, Ardagh's own expert, Andrew Richmond, admitted that ACB suffered $1.2 million in damages. *See* Trial Tr. (Mar. 30) at 1400:17-20 ("And so what I know is that 405 million units were purchased by Boston Beer in 2022, and so the extra revenue that Boston Beer did pay Ardagh in 2022 associated with just staying at Tier 1 was an extra 1.1, $1.2 million"). Because this amount is not an offset, it is a sum certain that ACB incurred as damages. No reasonable jury can find otherwise.

C. *Ardagh Has Not Established its Affirmative Defenses of Waiver and Estoppel.*

No reasonable jury can find for Ardagh on its affirmative defense of waiver. "As the intentional relinquishment of a known right, a waiver 'should not be lightly presumed.'" *Kamco Supply Corp. v. On the Right Track, LLC*, 149 A.D.3d 275, 280 (2d Dept 2017). A waiver requires "undisputed acts or language so inconsistent with [the party's] purpose to stand upon his [or her] rights as to leave no opportunity for a reasonable inference to the contrary." *Id*. It is undisputed that the Amended Agreement provides for tiered pricing discounts in 2022. It is also undisputed that Ardagh did not provide ACB those discounts in 2022. The record demonstrates absolutely no evidence of waiver by ACB of its contractual right to tiered pricing discounts in 2022. As discussed *supra*, ACB never agreed to eliminate the tiered pricing reductions in 2022 outside of negotiations of a second amendment, which was never finalized. There is no indication in the record that these negotiations amounted to a waiver. When ACB discovered that Ardagh had eliminated the

4

tiered pricing discounts, it promptly raised the issue and demanded that the discounts be applied. Given this record, there can be no waiver, and ACB is entitled to judgment on this affirmative defense.

Ardagh's affirmative defense of estoppel is equitable and must be decided by the Court. N.Y. CPLR § 4101; *Cadwalader Wickersham & Taft v. Spinale*, 177 A.D.2d 315, 316 (1st Dep't 1991); *D'Agostino v. Allstate Ins. Co.*, 49 Misc. 3d 1205(A) (N.Y. Sup. Ct. 2015); *Moyal v. Sleppin*, 139 A.D.3d 605, 606 (1st Dep't 2016). "Estoppel is a drastic remedy and must be utilized sparingly." *Keane Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944, 948 (S.D.N.Y. 1997). To establish a defense of equitable estoppel, a party must show "(1) an act constituting a concealment of facts or a false misrepresentation; (2) an intention or expectation that such acts will be relied upon; (3) actual or constructive knowledge of the true facts by wrongdoers; (4) reliance upon the false misrepresentations, which causes the innocent party to change its position to its substantial detriment." *Mattis v. Zheng*, 2006 WL 3155843, at *4 (S.D.N.Y. Oct. 27, 2006).

The trial evidence establishes that the offset was discussed during arms-length negotiations of a proposed second amendment between Mr. Sladewski and Mr. Black. It is absurd to suggest that Ardagh, a sophisticated business, relied upon a statement Mr. Black made as a proposed term during negotiations of an amendment, an amendment that Mr. Sladewski expressly admitted was never finalized or signed, for its decision to (incorrectly) eliminate the tiered pricing discounts for 2022. Instead, the record demonstrates that Ardagh wrongly assumed that the second amendment would be finalized and prematurely eliminated the tiered pricing discounts for 2022. Resolution of whether a statement amounted to an enforceable modification of a contract is not equitable estoppel. *See Mattis*, 2006 WL 3155843, at *4. Ardagh has not established this affirmative defense, such that this Court may enter judgment as a matter of law in favor of ACB.

For these reasons, ACB is entitled to judgment as a matter of law on Count I of its counterclaims for breach of contract related to tiered pricing.

5

**II.**     **No Reasonable Jury Can Find for Ardagh on its Breach of Contract and Declaratory Judgment Claims Related to Can Bodies or Can Ends (Counts I and II) or on ACB's Counterclaim for Declaratory Judgment (Counterclaim Count VI).**

ACB renews its previous motion under Rule 50(a)(2), the basis for which is set forth briefly below and incorporated by reference herein, for purposes of appeal. *See* Dkt. 555.

At trial, Ardagh has the burden of proof to show by a preponderance of the evidence that (1) it performed all terms of the Amended Agreement related to can bodies; (2) ACB breached the Amended Agreement related to can bodies; and (3) Ardagh sustained damages as a result of the breach. Ardagh has failed to provide sufficient evidence for a reasonable jury to find for it on damages because Ardagh has failed to prove that it suffered "contract minus market price" damages, that it is an unfinished goods seller, or that it is a lost volume seller. *Id*. at 1-7.

Alternatively, even if Ardagh could prove one of the above (which it cannot), no reasonable jury could find that Ardagh is entitled to recover the damages it seeks from ACB because Section 20.9 of the Amended Agreement bars Ardagh from recovering "ANY LOST PROFITS." *Id*. at 7-11. This term is unambiguous, but even if it were not, the extrinsic evidence that was introduced at trial establishes that Section 20.9 bars all lost profits, including the "direct" lost profits Ardagh seeks to recover. *Id*. at 10-11. It is for this reason that ACB is additionally entitled to judgment as a matter of law on its Counterclaim Count VI for a declaratory judgment.

Finally, Ardagh cannot recover alternative reliance damages. No reasonable jury could find that Ardagh's capital expenditures were rendered useless. *Id*. at 11-14. Instead, the evidence shows that, since 2021, Ardagh has profitably used, and will continue for years to use, its Sleek manufacturing line investments to generate billions in revenue from ACB and other customers. *Id*. at 13. ACB is therefore entitled to judgment as a matter of law on Ardagh's Counts I and II related to can bodies.

This Court has already granted judgment as a matter of law to ACB on the portion of Ardagh's Count I for breach of contract related to can ends for the contract years 2021 to 2022. ACB is also entitled to judgment as a matter of law on this claim for the remaining contract years. In addition to putting forward no evidence relating to can ends, Ardagh has not and cannot establish that it is entitled to any lost profit damages related to ends for the same reasons discussed in relation to can bodies. *Id.* at 15. Ardagh is not an unfinished goods or lost volume seller vis-à-vis ends, and even if it were, Section 20.9 bars its damages. It also cannot recover reliance damages for can ends for the same reasons as can bodies.

Because no reasonable jury could find that Ardagh sustained damages in connection with its claims related to can bodies or ends, ACB is entitled to judgment as a matter of law on Counts I and II of Ardagh's complaint.

## CONCLUSION

For the foregoing reasons, ACB respectfully requests the entry of judgment as a matter of law in its favor on Counts I and II of Ardgah's complaint related to can bodies and can ends, and Counts I and VI of ACB's counterclaims related to tiered pricing and declaratory judgment.

Dated: April 2, 2026          Respectfully submitted,

         */s/ John T. Ruskusky*

         One of the Attorneys for *American Craft Brewery LLC*

John T. Ruskusky (IL ARDC #6256605)
jtruskusky@nixonpeabody.com
Christopher P. Hotaling (IL ARDC #3272432)
chotaling@nixonpeabody.com
David M. Pattee (IL ARDC #6317265)

dmpattee@nixonpeabody.com
Kathleen M. Mallon (IL ARDC #6336312)
kmallon@nixonpeabody.com
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602-4378
Telephone: (312) 977-4400

Stephen M. LaRose (*admitted pro hac vice*)
(MA BBO #654507)
slarose@nixonpeabody.com
NIXON PEABODY LLP
Exchange Place, 53 State Street
Boston, MA 02109-2835
Telephone: (617) 345-1300

8

## <u>CERTIFICATE OF SERVICE</u>

On April 2, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically.

*/s/ John T. Ruskusky*
John T. Ruskusky